■ Emil Cyr, Appellant, v. Doris J. McGrath, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, Essex County entered upon a verdict of no cause of action in a negligence action and from an order denying plaintiff's motion to set aside the verdict and for a new trial. The action arose out of a collision of automobiles operated by plaintiff and defendant in a southerly direction on a two-lane macadam highway on an October afternoon, the weather being sunny and the road dry. Plaintiff's evidence was that as a car ahead, also southbound, came to a slow stop, he also came to a gradual stop, giving a hand signal and operating his brake lights, and that he had been stopped for an appreciable interval when the rear of his car was struck by defendant's automobile. Defendant testified that she was following plaintiff at from 35 to 40 miles per hour at a distance

from plaintiff's car of two car lengths or a little bit more; that plaintiff stopped very suddenly and defendant first turned toward the left and then, to avoid an oncoming car, back to the right and into collision with the fender and rear end of plaintiff's car. Defendant testified that she observed no hand or mechanical stop signal by plaintiff and denied that the southbound car ahead of plaintiff stopped. Thus the issue was purely factual and the jury was entitled to credit defendant's version of the accident and thereupon to find negligence on the part of both operators or on the part of plaintiff alone. There was no error in any ruling on evidence nor in the charge. The instruction as to hand signal to which appellant now objects correctly stated the statutory provision in effect at the time of the accident. (Vehicle and Traffic Law, § 83, subd. 1, as amd. by L. 1953, ch. 132.) Judgment and order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.